UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. 2:25-cv-02566 SCR P<br><br><br>ORDER |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has not paid the filing fee for this action or sought leave to proceed in forma pauperis.

Typically, the undersigned would provide plaintiff the opportunity to submit a motion to proceed in forma pauperis. However, a review of court records shows that plaintiff has been determined to be a three strikes litigant. See Melger v. Sacramento Sheriff Department, No. 2:21-cv-1611 WBS AC (E.D. Cal. Oct. 6, 2021). Based on this finding, plaintiff is precluded from proceeding without payment of the filing fee unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The exception in § 1915(g) applies "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). While plaintiff expressly asserts an imminent

1

danger in his complaint (ECF No. 1 at 3), his allegations are implausible on their face. He alleges that he has had an electromagnetic force in his head since a science experiment in 1991, and that correctional officials are now unlawfully entering into his person via this force and causing him brain damage. (Id. at 3-5.) Accordingly, plaintiff has not put forth a plausible showing of imminent danger and must submit the appropriate filing fee in order to proceed with this action.

Plaintiff's fantastical allegations also form the basis of his § 1983 claims. Thus, the complaint's frivolousness is likely grounds for dismissal under §§ 1915A(b)(1) and 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 32 (1992) ("[C]laims describing fantastic or delusional scenarios" are subject to dismissal under § 1915(e)). But in Andrews, the Ninth Circuit "stress[ed] . . . that § 1915(g) concerns only a threshold procedural question—whether the filing fee must be paid upfront or later. Separate PLRA provisions are directed at screening out meritless suits early on." 493 F.3d at 1055 (9th Cir. 2007) (citing §§ 1915(e)(2)(B), 1915A(b).) The Court added that "§ 1915(g) is not a vehicle for determining the merits of a claim," and district courts "should not make an overly detailed inquiry into" the allegations. Id. (quoting Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003)).

Accordingly, because of the limited scope of the court's § 1915(g) inquiry, the undersigned will not recommend dismissal at this juncture. Plaintiff will be given thirty (30) days to pay the filing fees. The undersigned will screen plaintiff's complaint under § 1915A upon receipt of payment. Plaintiff is advised that failure to comply with this order will result in the recommendation that the action be dismissed for failure to pay the filing fee.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff pay the entire $405.00 in filing fees within thirty (30) days from the date of this order or face dismissal of the case. If plaintiff fails to pay the filing fee, the undersigned will recommend that the case be dismissed.

DATED: October 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE