UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO POLICE DEPARTMENT, et al.,<br><br>Defendants. | No.  2:25-cv-02566 SCR P<br><br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff has not paid the filing fee for this action or sought leave to proceed in forma pauperis ("IFP").  In an order dated October 6, 2025, the undersigned explained that although plaintiff did not request to proceed IFP, as a three-strikes litigant he was "precluded from proceeding without payment of the filing fee unless he is 'under imminent danger of serious physical injury.'"  ECF No. 5 at 1 (citing 28 U.S.C. § 1915(g)).  Because the complaint's allegations that prison officials entered plaintiff's person via electromagnetic forces were fantastical on their face, the undersigned concluded plaintiff had not put forth a plausible showing of imminent harm and ordered him to pay the filing fees within thirty (30) days.  Id. at 2.

More than 30 days have passed, and plaintiff has not paid the filing fees or otherwise

1  responded to the court's order.  Accordingly, the undersigned recommends that the action be
2  dismissed for failure to pay the filing fee and failure to comply with a court order.  See 28 U.S.C.
3  § 1914(a); Local Rule 110.
4       A party to a civil action who is not proceeding IFP must pay the filing fee.  See 28 U.S.C.
5  § 1914(a).  A court may dismiss an action when a party fails to pay that fee.  See Olivares v.
6  Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (upholding district court's authority to dismiss a
7  complaint without prejudice for failure to pay filing fee).  Plaintiff's failure to pay the fee in this
8  case merits dismissal without prejudice.
9       So too does plaintiff's failure to comply with the court's order dated October 6, 2025.
10  When deciding whether to recommend dismissal for failure to comply with a court order, the
11  court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's
12  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
13  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
14  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).  "The public's
15  interest in expeditious resolution of litigation always favors dismissal."  Yourish v. Cal.
16  Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The court's need to manage its docket also weighs
17  in favor of dismissal, particularly given the heavy caseload in this District.  The third factor is
18  neutral given that plaintiff's complaint was screened out and defendant was not served, but
19  "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and
20  evidence will become stale."  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).  The
21  fourth factor weighs against dismissal, but less so if plaintiff is not precluded from litigating this
22  matter.  The court has considered less drastic alternatives and concludes that dismissal without
23  prejudice is appropriate.
24       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a
25  district judge to this matter.
26       In addition, IT IS HEREBY RECOMMENDED that the action be dismissed without
27  prejudice for failure to pay the filing fee and failure to comply with a court order.
28       These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE